933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rita WHITE, Plaintiff-Appellant,
v.
Simon LEIS, Sheriff of Hamilton County, Defendant-Appellee.
 No. 89-4102.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Rita White, appealed from a jury verdict finding in favor of the appellee. Hamilton County Sheriff Simon Leis. White had filed a complaint alleging that her first amendment rights had been violated by the punitive actions taken by her employer, Leis.
 
 
 2
 Sheriff Leis entered upon his duties as sheriff of Hamilton County in December 1987 and instituted a number of policy changes in the operation of the sheriff's office, including an appearance and dress code. These changes received considerable press coverage. Following a television news report in which it was reported that fingernails were to be regulated to 1/4 inch in length, Rita White's sister, Janet Lazarus, called the sheriff's office to complain. She was directed to submit her views in a letter to the sheriff's office. Janet Lazarus composed the letter and mailed a copy to the sheriff's office and the Cincinnati Post, which published it.
 
 
 3
 After he received the letter, Leis summoned Rita White into his office and suggested that she should resign if she was dissatisfied with the manner in which the office was operated. White advised that she had not written the letter and had not discussed its substance with her sister before it was written. Shortly after this meeting, White entered upon a requested and approved leave of absence. She then resigned from her employment at the sheriff's office.
 
 
 4
 White charged that the district court erroneously ignored her first amendment freedom of expression interests implicated by her sister's letter; that the court incorrectly charged the jury; that the trial court incorrectly excluded evidence bearing upon constructive discharge; and that the trial court was biased against White. Assuming, without deciding, that White had a first amendment interest that was implicated by her sister's letter, her appeal must fail because she was not actually or constructively discharged by the sheriff's office.
 
 
 5
 Although constructive discharge is partially a question of law, the district court's rulings on relevancy and the materiality of factual evidence bearing upon the issue may not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. Geisler v. Folsom, 735 F.2d 991, 997 (6th Cir.1984). In determining whether an employee had been constructively discharged, the court's consideration was limited to the objective feelings of the employee and the intent of the employer. Yates v. Avco Corp., 819 F.2d 630, 636-37 (6th Cir.1987). The trial court excluded testimony regarding the subjective understandings of White and Leis. Since that testimony was not relevant to the issue of constructive discharge, the trial court's rulings were not clearly an abuse of discretion.
 
 
 6
 The trial court correctly instructed the jury on the law of constructive discharge and requested it to return a special verdict form that posed the following interrogatory, "Do you unanimously find that Plaintiff was discharged from her job either constructively or otherwise?" The jury responded "No" and returned a verdict for the defendant. This special verdict, which was supported by the evidence in the record, is dispositive of any first amendment claim White may have had. Thus, the judgment entered by the district court in favor of the appellee Sheriff Simon Leis is AFFIRMED.